S. Amanda Marshall
Oregon Bar No. 953473
**S. AMANDA MARSHALL LLC**
4545 SW Angel Avenue, Suite 104
Beaverton, Oregon 97005
Telephone: (503) 472-7190
*amanda@maclaw.com*

John P. Kristensen
California Bar No. 224132
(*Pro Hac Vice forthcoming*)
**KRISTENSEN LAW GROUP**
120 Santa Barbara St., Suite C9
Santa Barbara, California 93101
Telephone: (805) 837-2000
*john@kristensen.law*

Jarrett L. Ellzey
Texas Bar No. 24040864
(*Pro Hac Vice forthcoming*)
**EKSM, LLP**
4200 Monroe Street
Houston, Texas 77006
Telephone: (713) 244-6363
*jellzey@eksm.com*

*Attorneys for Plaintiffs, individually and
on behalf of all others similarly situated*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON - EUGENE DIVISION

| | |
|---|---|
| NOVIA LEMON, STELLA MORGAN, LAURA PALMER, MELISSA SPICER, and MADISON HILL, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>TOEZPECUNIA, INC. dba SWEET ILLUSIONS, an Oregon Corporation; SANDRA ROSSI, an individual; SONIA "JASMINE" RAHIMI, an individual, and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | **Case No.: 6:25-cv-00048**<br><br>**COLLECTIVE ACTION**<br><br>**COMPLAINT FOR DAMAGES**<br>1. **Failure to Pay Minimum Wages, 29 U.S.C. § 206;**<br>2. **Illegal Kickbacks, 29 C.F.R. § 531.35;**<br>3. **Unlawful Taking of Tips, 29 U.S.C. § 203; and**<br>4. **Forced Tip Sharing, 29 C.F.R. § 531.35**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs NOVIA LEMON, STELLA MORGAN, LAURA PALMER, MELISSA SPICER, and MADISON HILL ("Plaintiffs"), individually and on behalf of all others similarly situated, allege the following upon information and belief, based upon investigation of counsel, published reports, and personal knowledge:

## I.    NATURE OF THE ACTION

1.    Plaintiffs allege causes of action against defendants TOEZPECUNIA, INC. dba SWEET ILLUSIONS, an Oregon Corporation, SANDRA ROSSI, an individual, and DOES 1 through 10, inclusive (collectively, "Defendants" or "Sweet Illusions") for damages due to Defendants evading the mandatory minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*("FLSA"), illegally absconding with Plaintiffs' tips and demanding illegal kickbacks including in the form of "House Fees."

2.    These causes of action arise from Defendants' willful actions while Plaintiffs, at various times, were employed by Defendants from 2021 to recently. During Plaintiffs' time being employed by Defendants, Plaintiffs were denied minimum wage payments as part of Defendant's scheme to classify Plaintiffs and other dancers/entertainers as "independent contractors."

3.    Plaintiffs worked at Defendants' adult entertainment facility, Sweet Illusions located at 1836 South A Street, Springfield, Oregon 97477.

4.    Defendants failed to pay Plaintiffs' minimum wages for all hours worked in violation of 29 U.S.C. §§ 206 of the FLSA.

5.    Defendants also charged Plaintiffs and other dancers to work.

6.    Furthermore, Defendants' practice of failing to pay tipped employees pursuant to 29 U.S.C. § 203(m), violates the FLSA's minimum wage provision. *See* 29 U.S.C. § 206.

7.     Plaintiffs bring a collective action to recover the unpaid wages owed to them individually and on behalf of all other similarly situated employees, current and former, of Defendants. Members of the Collective Action are hereinafter referred to as "FLSA Collective Members."

8.     As a result of Defendants' violations, Plaintiffs and the FLSA Collective Members seek to recover double damages for failure to pay minimum wage, interest, and attorneys' fees.

## II.     PARTIES

9.     At all times relevant, Plaintiff NOVIA LEMON, was an individual adult resident of the State of Oregon. Furthermore, Plaintiff NOVIA LEMON was employed by Defendants and qualifies as an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1). Her consent to this action is attached to the end of the Complaint.

10.     At all times relevant, Plaintiff STELLA MORGAN, was an individual adult resident of the State of Oregon. Furthermore, Plaintiff STELLA MORGAN was employed by Defendants and qualifies as an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1). Her consent to this action is attached to the end of the Complaint.

11.     At all times relevant, Plaintiff LAURA PALMER, was an individual adult resident of the State of Oregon. Furthermore, Plaintiff LAURA PALMER was employed by Defendants and qualifies as an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1). Her consent to this action is attached to the end of the Complaint.

12.     At all times relevant, Plaintiff MELISSA SPICER, was an individual adult resident of the State of Oregon. Furthermore, Plaintiff MELISSA SPICER was employed by Defendants and qualifies as an "employee" of Defendants as defined by the FLSA, 29 U.S.C. §

203(e)(1). Her consent to this action is attached to the end of the Complaint.

13.    At all times relevant, Plaintiff MADISON HILL, was an individual adult resident of the State of Oregon. Furthermore, Plaintiff MADISON HILL was employed by Defendants and qualifies as an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1). Her consent to this action is attached to the end of the Complaint.

14.    The FLSA Collective Members are all current and former exotic dancers who worked at Sweet Illusions located at 1836 South A Street, Springfield, Oregon 97477at any time starting three (3) years before this Complaint was filed, up to the time of collective certification.

15.    Defendant TOEZPECUNIA, INC. dba SWEET ILLUSIONS is an Oregon Corporation with its principal place of business located 1836 South A Street, Springfield, Oregon 97477. At all times mentioned herein, Defendant was an "employer" or "joint employer" as defined by the FLSA, 29 U.S.C. § 203(d) and (g). Defendant may be served via its registered agent, Brian D. Cox, at 142 West 8th Avenue, Eugene, Oregon 97401.

16.    Defendant Sandra Rossi ("Rossi") was/is one of the main manager(s)/owner(s) who executed the policies regarding payment to dancers and management of dancers, including Plaintiffs. Rossi is believed to be an owner of Sweet Illusions, and is the President according to Secretary of State filings with the State of Oregon.

17.    Defendant Sonia "Jasmine" Rahimi ("Rahimi") was/is one of the main manager(s)/owner(s) who executed the policies regarding payment to dancers and management of dancers, including Plaintiffs. Rahimi is believed to be an owner of Sweet Illusions.

18.    Rossi acted directly or indirectly on behalf of Sweet Illusions, and, at all times mentioned herein were "employer(s)" or "joint employer(s)" of Plaintiffs within the meaning of the FLSA. She exerted operational and management control over Sweet Illusions, including

day-to-day management. She was, and is, frequently present at, owns, directs, controls and manages the operations at Sweet Illusions. She also controls the nature, pay structure, and employment relationship of the named Plaintiffs and the FLSA Collective Members. Rossi had at all times relevant to this lawsuit, the authority to hire and fire employees at Sweet Illusions, the authority to direct and supervise the work of employees, the authority to sign on the business' checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures. Additionally, she was responsible for the day-to-day affairs of Sweet Illusions. In particular, she was responsible for determining whether Sweet Illusions complied with the FLSA.

19.     Rahimi acted directly or indirectly on behalf of Sweet Illusions, and, at all times mentioned herein were "employer(s)" or "joint employer(s)" of Plaintiffs within the meaning of the FLSA. She exerted operational and management control over Sweet Illusions, including day-to-day management. She was, and is, frequently present at, owns, directs, controls and manages the operations at Sweet Illusions. She also controls the nature, pay structure, and employment relationship of the named Plaintiffs and the FLSA Collective Members. Rahimi had at all times relevant to this lawsuit, the authority to hire and fire employees at Sweet Illusions, the authority to direct and supervise the work of employees, the authority to sign on the business' checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures. Additionally, she was responsible for the day-to-day affairs of Sweet Illusions. In particular, she was responsible for determining whether Sweet Illusions complied with the FLSA.

20.     DOES 1-10 are the managers/owners/employees or agents who control the policies and enforce the policies related to employment at Sweet Illusions.

21.     The true names, capacities or involvement, whether individual, corporate, governmental or associate, of the Defendants named herein as DOES 1 through 10, inclusive are unknown to Plaintiffs who therefore sue said Defendants by such fictitious names. Plaintiffs pray for leave to amend this Complaint to show their true names and capacities when the same have been finally determined. Plaintiffs are informed and believe, and upon such information and belief allege thereon, that each of the Defendants designated herein as DOE is negligently, intentionally, strictly liable or otherwise legally responsible in some manner for the events and happenings herein referred to, and negligently, strictly liable intentionally or otherwise caused injury and damages proximately thereby to Plaintiffs, as is hereinafter alleged.

22.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(r)(1) of the FLSA because they have had employees at their clubs engaged in commerce, which has travelled in interstate commerce. Moreover, because of Defendants' interrelated activities, they function in interstate commerce. 29 U.S.C. § 203(s)(1).

23.     Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard.

24.     At all material times during the three (3) years prior to the filing of this action, Defendants categorized all dancers/entertainers employed at Sweet Illusions as "independent contractors" and have failed and refused to pay wages or compensation to such dancers/entertainers. Plaintiffs were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

25.     Plaintiffs are informed and believe that, at all relevant times herein, Defendants engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the

conduct of its employees and agents, and other Defendants and are vicariously or strictly liable for the wrongful conduct of its employees and agents as alleged herein.

26.     Plaintiffs are informed and believe, and on that basis allege that, each of the Defendants acted, in all respects pertinent to this action, as the agent or employee of each other, and carried out a joint scheme, business plan, or policy in all respect thereto and, therefore, the acts of each of these Defendants are legally attributable to the other Defendants, and that these Defendants, in all respects, acted as employers and/or joint employers of the Plaintiffs, in that each of them exercised control over the Plaintiffs' wage payments and control over their duties.

27.     Plaintiffs are informed and believe, and on that basis allege that, at all relevant times, each and every Defendant has been the agent, employee, representative, servant, master, employer, owner, agent, joint venture, and alter ego of each of the other and each was acting within the course and scope of his or her ownership, agency, service, joint venture and employment.

28.     At all times mentioned herein, each and every Defendant was the successor of the other and each assumes the responsibility for the acts and omissions of all other Defendants.

## III.    <u>VENUE AND JURISDICTION</u>

29.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 because this action arises under the FLSA, 29 U.S.C. §§ 201, *et seq*.

30.     Venue is proper in this District because all or a substantial portion of the events forming the basis of this action occurred in this District. Defendants' club is located in this District and Plaintiffs worked in this District.

///

///

IV.    **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

(AGAINST ALL DEFENDANTS)

A.    FACTUAL ALLEGATIONS

31.    Defendants operate an adult-oriented entertainment facility located at 2620 W. 10th Place, Eugene, Oregon 97402.

32.    Defendants' adult-oriented entertainment facility operates under the name "Sweet Illusions".

33.    At all times mentioned herein, Defendants were "employer(s)" or "joint employer(s)" of the Plaintiffs.

34.    At all times during the three (3) years prior to the filing of the instant action, Defendants categorized all dancers/entertainers employed by Defendants as "independent contractors" and have failed and refused to pay wages to such dancers.

35.    At all times relevant to this action, Defendants exercised a great deal of operational and management control over the subject clubs, particularly in the areas of terms and conditions of employment applicable to dancers and entertainers.

36.    Plaintiff NOVIA LEMON worked as an exotic dancer for the Sweet Illusions from approximately September 2022 to February 2024.

37.    Plaintiff STELLA MORGAN worked as an exotic dancer for the Sweet Illusions from approximately December 2023 to July 2024.

38.    Plaintiff LAURA PALMER worked as an exotic dancer for the Sweet Illusions from approximately December 2023 to April 2024.

39.    Plaintiff MELISSA SPICER worked as an exotic dancer for the Sweet Illusions from approximately Jan. 2021 to Aug. 2023.

40.    Plaintiff MADISON HILL worked as an exotic dancer for the Sweet Illusions from approximately Sept. 2022 to April 2024.

41.    The primary duty of an entertainer is to dance and entertain customers, and give them a good experience. Specifically, an entertainer performs stage and table dances, and entertains customers on an hourly basis.

42.    Stated differently, entertainers dance on stage, perform table dances, and entertain customers in VIP rooms, all while nude or semi-nude.

43.    Plaintiffs worked and performed at the adult-oriented entertainment facility multiple shifts per week. Plaintiffs were an integral part of Defendants' business which operated solely as an adult-oriented entertainment facility featuring nude or semi-nude female entertainers.

44.    Defendants did not pay entertainers on an hourly basis.

45.    Defendants exercised significant control over Plaintiffs during their respective shifts and would demand that Plaintiffs pay to work a particular shift.

46.    Defendants set prices for all performances.

47.    Defendants set the daily cover charge for customers and/or members to enter the facility and had complete control over which customers and/or members were allowed in the facility.

48.    Defendants controlled music for Plaintiffs' performances.

49.    Defendants controlled the means and manner in which Plaintiffs could perform.

50.    Defendants had the authority to suspend, fine, fire, or otherwise discipline entertainers for non-compliance with their rules regarding dancing.

51.    Defendants actually suspended, fined, fired, or otherwise disciplined entertainers

for non-compliance with their rules regarding dancing.

52.     Although Defendants allowed entertainers to choose their own costumes, Defendants reserved the right to decide what a particular entertainer was allowed to wear on the premises. In order to comply with Sweet Illusions' dress and appearance standards, Plaintiffs, respectively, typically expended at least half an hour of time each shift getting ready for work without being paid any wages for such time getting ready.

53.     Plaintiffs were compensated exclusively through tips from Defendants' customers. That is, Defendants did not pay Plaintiffs whatsoever for any hours worked at their establishment.

54.     Defendants also required Plaintiffs to share their respective tips with Defendants, and other non-service employees who do not customarily receive tips, such as the disc jockeys and the bouncers.

55.     Defendants are in violation of the FLSA's tipped-employee compensation provision, 29 U.S.C. § 203(m), which requires employers to pay a tipped employee a minimum of $2.13 per hour. Defendants also violated 29 U.S.C. § 203(m) when they failed to notify Plaintiffs about the tip credit allowance (including the amount to be credited) before the credit was utilized. That is, Defendants' exotic dancers were never made aware of how the tip credit allowance worked or what the amounts to be credited were. Furthermore, Defendants violated 29 U.S.C. § 203(m) because they did not allow Plaintiffs to retain all of their respective tips and instead required that Plaintiffs divide their respective tips amongst other employees who do not customarily and regularly receive tips. Because Defendants violated the tip-pool law, Defendants lose the right to take a credit toward minimum wage.

56.     Defendants exercised significant control over Plaintiffs through written and

unwritten policies and procedures.

57.     Defendants provided and paid for all advertising and marketing efforts undertaken on behalf of Sweet Illusions.

58.     Defendants paid for the buildings used by Sweet Illusions' maintenance of the facilities, the sound systems, stages, lights, beverages and inventory used at the facilities.

59.     Defendants made all hiring decisions regarding wait staff, security, entertainers, managerial and all other employees on the premises.

60.     Defendants' opportunity for profit and loss far exceeded Plaintiffs' opportunity for profit and loss from work at Sweet Illusions.

61.     Exotic dancing is an integral part of Sweet Illusions' operations. Sweet Illusions' advertising prominently displays nude or semi-nude dancing for its customers. Sweet Illusions is well known as a "strip club."

62.     Defendants need entertainers to successfully and profitably operate the Sweet Illusions business model.

63.     The position of entertainer requires no managerial skill of others.

64.     The position of entertainer requires little other skill or education, formal or otherwise.

65.     The only requirements to become an entertainer at Sweet Illusions are "physical attributes" and the ability to dance seductively. The amount of skill required is more akin to an employment position than that of a typical independent contractor.

66.     Defendants failed to maintain records of wages, fines, fees, tips and gratuities and/or service charges paid or received by entertainers.

67.     Plaintiffs were not paid an hourly minimum wage or *any* hourly wage or salary

despite being present at Defendants' facility and required to work and entertain its customers at any time during her work shift.

68.    Plaintiffs were not paid an hourly minimum wage for the time expended prior to each shift to get ready for work, including applying makeup and hair, and to comply with Defendants' dress and appearance standards.

69.    The FLSA Collective Members had the same pay structure and were under the same controls as Plaintiffs.

70.    Defendants have never paid Plaintiffs and the FLSA Collective Members any amount as wages whatsoever, and have instead unlawfully required Plaintiffs and FLSA Collective Members to pay them for the privilege of working.

71.    The only source of monies received by Plaintiffs (and the) relative to Plaintiffs' employment with Defendants came in the form of gratuities received directly from customers, a portion of which Plaintiffs were required to pay to Defendants.

72.    Defendants' method of paying Plaintiffs in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA. Defendants have been sued before, are aware of the law, but refuse to change. Defendants misclassified Plaintiffs with the sole intent to avoid paying them in accordance to the FLSA; the fees and fines described herein constitute unlawful "kickbacks" to the employer within the meaning of the FLSA, and Plaintiffs are entitled to restitution of such fines and fees.

73.    Plaintiffs and FLSA Collective Members who worked at Sweet Illusions performed precisely the same job duties - dancing and entertaining at Sweet Illusions.

74.    Plaintiffs and FLSA Collective Members who worked at Sweet Illusions during the applicable limitations period(s) were subject to the same work rules established by the

Defendants as identified above.

75.     Plaintiffs and FLSA Collective Members at Sweet Illusions were subject to the terms and conditions of employment and the same degree of control, direction, supervision, promotion and investment imposed or performed by Defendants.

76.     Plaintiffs and FLSA Collective Members at Sweet Illusions during the applicable limitations period(s) were subject to the same across-the-board, uniformly applied corporate policy mandated by Defendants.

77.     Plaintiffs and the FLSA Collective Members at Sweet Illusions, during the applicable limitations period, were subject to the same fees and fines imposed by Defendants.

78.     Defendants required Plaintiffs and the FLSA Collective Members to pay fees to Defendants and other Sweet Illusions employees, including but not limited to DJs and bouncers.

79.     Defendants required Plaintiffs and the FLSA Collective Members to pay fees to Defendants and other Sweet Illusions employees for reasons other than the pooling of tips among employees who customarily and regularly received tips.

80.     As a result of Defendants' across-the-board, standard operating procedure of mischaracterizing dancers/entertainers as "independent contractors" and their consequent failure to pay any wages or compensation whatsoever, it is a certainly that numerous other current and former dancers and entertainers who worked at Sweet Illusions during the applicable limitations period would elect to participate in this action if provided notice of same.

81.     Upon information and belief, more than fifty (50) dancers and entertainers have worked at Sweet Illusions during the three (3) to five (5) years prior to the filing of this action.

82.     Plaintiffs are "similarly situated" to the 29 U.S.C. § 216(b) class of persons they seek to represent, and will adequately represent the interests of the class.

83.    Plaintiffs have hired Counsel experienced in class actions and in collective actions under 29 U.S.C. § 216(b) who will adequately represent the class.

84.    Defendants failed to keep records of tips, gratuities and/or service charges paid to Plaintiffs or any other entertainer and failed to maintain and furnish wage statements to Plaintiffs.

85.    Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

a.    The time of day and day of week on which the employees' work week begins;

b.    An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

c.    The amount and nature of each payment which, pursuant to 29 U.S.C. § 207(e), is excluded from the "regular rate";

d.    The hours worked each workday and total hours worked each workweek;

e.    The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

f.    The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

g.    The dates, amounts, and nature of the items which make up the total additions and deductions;

h.    The total wages paid each pay period; and

i.    The date of payment and the pay period covered by payment.

29 C.F.R. 516.2, 516.5.

86.    Defendants have not complied with federal law and have failed to maintain such

records with respect to Plaintiffs and the FLSA Collective Members. Because Defendants' records are inaccurate and/or inadequate, Plaintiffs and the FLSA Collective Members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of their work "as a matter of a just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). Plaintiffs seeks to put Defendants on notice that they intend to rely on *Anderson* to provide the extent of Plaintiffs' unpaid work.

### B.    INDIVIDUAL LIABILITY UNDER THE FLSA

87.    In *Boucher v. Shaw*, 572 F.3d 1087 (9th Cir. 2009), the U.S. Court of Appeals for the Ninth Circuit held that individuals can be liable for FLSA violations under an expansive interpretation of "employer." *Id.* at 1088. The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Ninth Circuit stated that the definition of "employer" under FLSA is not limited by the common law concept of "employer" but "is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes."

88.    Where an individual exercises "control over the nature and structure of the employment relationship," or "economic control" over the relationship, that individual is an employer within the meaning of the FLSA, and is subject to liability. *Lambert v. Ackerley*, 180 F.3d 997 (9th Cir. 1999). The Ninth Circuit highlighted factors related to "economic control," which included ownership interest, operational control of significant aspects of the day-to-day functions, the power to hire and fire employees, determine salaries, and the responsibility to maintain employment records.

89.    Defendant Rossi is individually liable for failing to pay Plaintiffs and the FLSA

Collective their wages, imposing unlawful kickbacks, and depriving Plaintiffs of their respective tips. The actual identities of DOES 1-10 are unknown at this time.

### C. WILLFULNESS

90.     Defendant Sweet Illusion was previously sued in the District of Oregon, case number 6:22-cv-00639-MK. Then Magistrate Kasubhai issued a ruling that dancers were employees, and that Sweet Illusion was willful in disregarding the FLSA. *See* Docket Entry 64. The Court also granted summary judgment against Sweet Illusion's Counterclaims. The findings and recommendations were endorsed and upheld by District Judge McShane. *See* Docket Entry 73.

91.     Sweet Illusions has refused to change its policies

## V.     COLLECTIVE ACTION ALLEGATIONS

92.     Plaintiffs hereby incorporate by reference and re-alleges each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

93.     Plaintiffs bring this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as exotic dancers/entertainers at any time during the three (3) years prior to the commencement of this action to present.

94.     Plaintiffs have actual knowledge that FLSA Collective Members have also been denied pay at the federally mandated minimum wage rate. That is, Plaintiffs worked with other dancers/entertainers at Sweet Illusions. As such, Plaintiffs have firsthand personal knowledge of the same pay violations throughout Defendants' club. Furthermore, other exotic dancers/entertainers at Defendants' club have shared with her similar pay violation experiences as those described in this Complaint.

95.    FLSA Collective Members perform or have performed the same or similar work as the Plaintiffs.

96.    FLSA Collective Members regularly work or have worked and did not receive minimum wage.

97.    FLSA Collective Members are not exempt from receiving pay at the federally mandated minimum wage rate under the FLSA.

98.    As such, FLSA Collective Members are similar to Plaintiffs in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of minimum wage.

99.    Defendants' failure to pay compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the FLSA Collective Members.

100.    The experiences of Plaintiffs with respect to their pay, are typical of the experiences of the FLSA Collective Members.

101.    The specific job titles or precise job responsibilities of each FLSA Collective Member does not prevent collective treatment.

102.    All FLSA Collective Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

103.    Although the exact number of damages may vary among FLSA Collective Members, the damages for the FLSA Collective Members can be easily calculated by a simple formula. The claims of all FLSA Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendant that caused harm to all FLSA Collective Members.

104. As such, Plaintiffs bring their FLSA claims as a collective action on behalf of the following class:

**All of Defendants' current and former exotic dancers/entertainers who worked at Sweet Illusions in Springfield, Oregon at any time starting three years before this Complaint was filed.**

VI.    **CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGE PURSUANT TO FLSA, 29 U.S.C. § 206**

**(By Plaintiffs Individually, and on Behalf of the Collective Against All Defendants)**

105. Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

106. Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce" as those terms are defined in the FLSA.

107. Defendants operate an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than five hundred thousand U.S. Dollars ($500,000).

108. Defendants failed to pay Plaintiffs the minimum wage in violation of 29 U.S.C. § 206.

109. Based upon the conduct alleged herein, Defendants knowingly, intentionally and willfully violated the FLSA by not paying Plaintiffs the minimum wage under the FLSA.

110. Throughout the relevant period of this lawsuit, there is no evidence that Defendants' conduct that gave rise to this action was in good faith and based on reasonable grounds. In fact, Defendants continued to violate the FLSA long after it learned that its

misclassification scheme and compensation policies were illegal.

111.    Due to Defendants' FLSA violations, Plaintiffs and the FLSA Collective are entitled to recover from Defendants, minimum wage compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

### ILLEGAL KICKBACKS, 29 C.F.R. § 531.35

**(By Plaintiffs Individually, and on Behalf of the Collective Against All Defendants)**

112.    Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in the preceding paragraphs as though fully set forth herein

113.    Defendants required Plaintiffs to pay monetary fees to Defendants and other Sweet Illusions employees who did not work in positions that are customarily and regularly tipped, in violation of 29 U.S.C. § 203(m).

114.    Defendants' requirement that Plaintiffs pay fees to Defendants and other Sweet Illusions employees violated the "free and clear" requirement of 29 C.F.R. § 531.35.

115.    Because Defendants violated the "free and clear" requirement of 29 C.F.R. § 531.35 as alleged above, they were not entitled to utilize the FLSA's tip-credit provision with respect to Plaintiffs' wages.

116.    Because Defendants violated the "free and clear" requirement of 29 C.F.R. § 531.35, all monetary fees imposed on Plaintiffs are classified as illegal kickbacks.

117.    Plaintiffs and the FLSA Collective are entitled to recover from Defendants all fees that Defendants required Plaintiffs to pay in order to work at Sweet Illusions, involving but not limited to house fees and tip sharing.

## THIRD CAUSE OF ACTION

### UNLAWFUL TAKING OF TIPS IN VIOLATION OF THE FLSA, 29 U.S.C. § 203

### (By Plaintiffs Individually, and on Behalf of the Collective Against All Defendants)

118.    Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in the preceding paragraphs as though fully set forth herein

119.    Plaintiffs customarily and regularly received more than thirty U.S. Dollars ($30.00) a month in tips and therefore is a tipped employee as defined in the FLSA, 29 U.S.C. § 203(t), *see also* 29 C.F.R. § 531.50.

120.    At all relevant times, each Defendants were "employer(s)" or "joint employer(s)" of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

121.    Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce" as those terms are defined in the FLSA.

122.    Defendants operate an enterprise engaged in commerce within the meaning for the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than five hundred thousand U.S. Dollars ($500,000).

123.    Under the Tip Income Protection Act ("TIPA"):

[a]n employer may not keep tips received by its employees for any purpose including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not it takes a tip credit.

29 U.S.C. § 203 (m)(2)(B).

124.    Defendants kept a portion of tips paid to Plaintiffs by Defendants' customers in the form of fees, fines, mandatory charges and other payments to Sweet Illusions employees,

such as the disc jockeys and bouncers in violation of TIPA.

125.    Defendants required Plaintiffs to participate in an illegal tip pool, which included employees who do not customarily and regularly receive tips, and do not have more than a *de minimis*, if any, interaction with customer leaving the tips (such as the DJs and bouncers). *See* U.S. Dep't of Labor, Wage and Hour Division, "Fact Sheet # 15: Tipped employees under the Fair Labor Standards Act (FLSA)."

126.    The contribution Defendants required Plaintiffs to make after each shift was arbitrary and capricious and distribution was not agreed to by Plaintiffs other dancers; but rather, was imposed upon Plaintiffs and other dancers.

127.    By requiring Plaintiffs to pool their tips with club employees who do not customarily receive tips, including the individual Defendants named herein, Defendants "retained" a portion of the tips received by Plaintiffs in violation of the FLSA.

128.    Defendants did not make any effort, let alone a "good faith" effort, to comply with the FLSA as it relates to compensation owed to Plaintiffs.

129.    At the time of their illegal conduct, Defendants knew or showed reckless disregard that the tip-pool which they required Plaintiffs to contribute included non-tipped employees and, therefore, was statutorily illegal. In spite of this, Defendants willfully failed and refused to pay Plaintiffs the proper amount of the tips to which they were entitled.

130.    Defendants' willful failure and refusal to pay Plaintiffs the tips they respectively earned violates the FLSA.

131.    Defendants kept a portion of tips paid to Plaintiffs by Defendants' customers in the form of fees, fines, mandatory charges and other payments to Sweet Illusions employees, such as disc jockeys and bouncers, in violation of TIPA.

132.    As a result of the acts and omissions of the Defendants as alleged herein, and pursuant to 29 U.S.C. §§ 216(b) and 260, Plaintiffs and the FLSA Collective are entitled to damages in the form of all misappropriated tips, plus interest; as liquated damages, an amount equal to all misappropriated tips, mandatory attorneys' fees, and costs.

## FOURTH CAUSE OF ACTION

## FORCED TIPPING, 29 C.F.R. § 531.35

### (By Plaintiffs Individually, and on Behalf of the Collective Against All Defendants)

133.    Plaintiffs hereby incorporate by references and re-allege each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

134.    Defendants required Plaintiffs to pay monetary fees to other Sweet Illusions employees who did not work in positions that are customarily and regularly tipped, in violation of 29 U.S.C. § 203(m).

135.    Defendants' requirement that Plaintiffs pay fees to other Sweet Illusions employees violated the "free and clear" requirement of 29 C.F.R. § 531.35.

136.    Because Defendants violated the "free and clear" requirement of 29 C.F.R. § 531.35 as alleged above, they were not entitled to utilize the FLSA's tip-credit provision with respect to Plaintiffs' wages.

137.    Plaintiffs and the FLSA Collective are entitled to recover from Defendants all fees that Defendants required Plaintiffs to pay other employees in order to work at Sweet Illusions, involving but not limited to forced tip sharing.

///

///

///

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs requests of this Court the following relief:

1.    For compensatory damages according to proof at trial of at least $100,000;

2.    For special damages according to proof at trial;

3.    For restitution of unpaid monies;

4.    For attorneys' fees;

5.    For costs of suit incurred herein;

6.    For statutory penalties;

7.    For civil penalties;

8.    For pre-judgment interest;

9.    For post-judgement interest;

10.    For general damages in an amount to be proven at trial;

11.    For declaratory relief;

12.    For injunctive relief; and

13.    For such other and further relief as the Court may deem just and proper.

Dated: January 10, 2025

/s/ *S. Amanda Marshall*
S. Amanda Marshall
Oregon Bar No. 953473
John P. Kristensen
California Bar No. 224132
(*Pro Hac Vice forthcoming*)

**Attorneys for Plaintiffs, individually and on behalf of all others similarly situated**

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby demand a trial by jury for all such triable claims.

Dated: January 10, 2025

<u>/s/ S. Amanda Marshall</u>
S. Amanda Marshall
Oregon Bar No. 953473
John P. Kristensen
California Bar No. 224132
(*Pro Hac Vice forthcoming*)

**Attorneys for Plaintiffs, individually and on behalf of all others similarly situated**

Re: Sweet Illusions, Springfield Oregon

**CONSENT TO JOIN COLLECTIVE ACTION**
Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b)

1. I consent and agree to pursue my claims arising out of my performing at Sweet Illusions in Springfield, Oregon in connection with the above-referenced lawsuit.

2. I work/worked as an exotic dancer for Sweet Illusions in Springfield, Oregon from approximately September 2022 to February 2024.

3. I understand that this lawsuit is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. I hereby consent, agree, and "opt in" to become a plaintiff herein and to be bound by any judgment by the Court or resolutions of this action under the federal wage law.

4. I hereby designate Jarrett L. Ellzey of EKSM, LLP, 1105 Milford Street, Houston, Texas 77006, and John P. Kristensen of Kristensen Law Group, 120 Santa Barbara Street, Suite C9, Santa Barbara, CA 93101 to represent me for all purposes in this action.

5. I also designate the named Plaintiff in this action, the collective action representative, as my agent to make decisions on my behalf concerning all aspects of the litigation.

Date: 12/30/2024

Signature:

Signed by:
*Novia LeMon*
0F6EDC9D73EB47C...
Novia LeMon

Re: Sweet Illusions, Springfield Oregon

## CONSENT TO JOIN COLLECTIVE ACTION
Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b)

1.  I consent and agree to pursue my claims arising out of my performing at Sweet Illusions in Springfield, Oregon in connection with the above-referenced lawsuit.

2.  I work/worked as an exotic dancer for Sweet Illusions in Springfield, Oregon from approximately December 2023 to July 2024.

3.  I understand that this lawsuit is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. I hereby consent, agree, and "opt in" to become a plaintiff herein and to be bound by any judgment by the Court or resolutions of this action under the federal wage law.

4.  I hereby designate Jarrett L. Ellzey of EKSM, LLP, 1105 Milford Street, Houston, Texas 77006, and John P. Kristensen of Kristensen Law Group, 120 Santa Barbara Street, Suite C9, Santa Barbara, CA 93101 to represent me for all purposes in this action.

5.  I also designate the named Plaintiff in this action, the collective action representative, as my agent to make decisions on my behalf concerning all aspects of the litigation.

Date:  12/30/2024

Signature:

DocuSigned by:

47B20E79350448...

Stella Morgan

Re: Sweet Illusions, Springfield Oregon

## CONSENT TO JOIN COLLECTIVE ACTION
Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b)

1. I consent and agree to pursue my claims arising out of my performing at Sweet Illusions in Springfield, Oregon in connection with the above-referenced lawsuit.

2. I work/worked as an exotic dancer for Sweet Illusions in Springfield, Oregon from approximately December 2023 to April 2024.

3. I understand that this lawsuit is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. I hereby consent, agree, and "opt in" to become a plaintiff herein and to be bound by any judgment by the Court or resolutions of this action under the federal wage law.

4. I hereby designate Jarrett L. Ellzey of EKSM, LLP, 1105 Milford Street, Houston, Texas 77006, and John P. Kristensen of Kristensen Law Group, 120 Santa Barbara Street, Suite C9, Santa Barbara, CA 93101 to represent me for all purposes in this action.

5. I also designate the named Plaintiff in this action, the collective action representative, as my agent to make decisions on my behalf concerning all aspects of the litigation.

Date: 1/2/2025

Signature:

Signed by:
1D4BCB26314E453...
Laura Palmer

Re: Sweet Illusions, Springfield Oregon

**CONSENT TO JOIN COLLECTIVE ACTION**

Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b)

1. I consent and agree to pursue my claims arising out of my performing at Sweet Illusions in Springfield, Oregon in connection with the above-referenced lawsuit.

2. I work/worked as an exotic dancer for Sweet Illusions in Springfield, Oregon from approximately 2021 to August 2023.

3. I understand that this lawsuit is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, <u>et seq</u>. I hereby consent, agree, and "opt in" to become a plaintiff herein and to be bound by any judgment by the Court or resolutions of this action under the federal wage law.

4. I hereby designate Jarrett L. Ellzey of EKSM, LLP, 1105 Milford Street, Houston, Texas 77006, and John P. Kristensen of Kristensen Law Group, 120 Santa Barbara Street, Suite C9, Santa Barbara, CA 93101 to represent me for all purposes in this action.

5. I also designate the named Plaintiff in this action, the collective action representative, as my agent to make decisions on my behalf concerning all aspects of the litigation.

Date: 1/7/2025

Signature: _Melissa Spicer_
943991207177435

Melissa Spicer

Re: Sweet Illusions, Springfield Oregon

**CONSENT TO JOIN COLLECTIVE ACTION**
Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b)

1. I consent and agree to pursue my claims arising out of my performing at Sweet Illusions in Springfield, Oregon in connection with the above-referenced lawsuit.

2. I work/worked as an exotic dancer for Sweet Illusions in Springfield, Oregon from approximately September 2022 to April 2024.

3. I understand that this lawsuit is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. I hereby consent, agree, and "opt in" to become a plaintiff herein and to be bound by any judgment by the Court or resolutions of this action under the federal wage law.

4. I hereby designate Jarrett L. Ellzey of EKSM, LLP, 1105 Milford Street, Houston, Texas 77006, and John P. Kristensen of Kristensen Law Group, 120 Santa Barbara Street, Suite C9, Santa Barbara, CA 93101 to represent me for all purposes in this action.

5. I also designate the named Plaintiff in this action, the collective action representative, as my agent to make decisions on my behalf concerning all aspects of the litigation.

Date: 1/8/2025

Signature: 

Madison Hill